Chen v. Sessions

BIA
Nelson, IJ
A200 176 205

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of March, two thousand eighteen.

PRESENT:
　　　　REENA RAGGI,
　　　　DENNY CHIN,
　　　　CHRISTOPHER F. DRONEY,
　　　　　　*Circuit Judges.*
_____

WEN CHEN, AKA JIALING WU,
　　　　*Petitioner,*

　　　v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

16-1920
NAC

FOR PETITIONER:　　　　Joshua E. Bardavid, New York, NY.

FOR RESPONDENT:　　　　Chad A. Readler, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; Sergio Sarkany, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Chen, a native and citizen of the People's Republic of China, seeks review of a May 20, 2016, decision of the BIA affirming a November 25, 2014, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Chen,* No. A200 176 205 (B.I.A. May 20, 2016), *aff'g* No. A200 176 205 (Immig. Ct. N.Y. City Nov. 25, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as modified and supplemented by the BIA, and therefore assume Chen's credibility and address only whether Chen demonstrated a well-founded fear of future persecution. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. 8

U.S.C. § 1252(b)(4)(B); *Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009) (per curiam).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, which is "a subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (citation and internal quotation marks omitted); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (citation and internal quotation marks omitted)). "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C.*, 741 F.3d at 332 (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

3

"[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in [her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam). "In the absence of solid support in the record," a fear of persecution is not objectively reasonable and is "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam).

Chen offered no evidence that Chinese authorities were aware of her religious practice, and her contention that the authorities would likely become aware of her activities in the United States was purely speculative. Chen pointed to the two times that she handed out leaflets in the United States and a telephone conversation in which she encouraged her parents, who live in China, to practice Christianity. But there is no evidence that the Chinese government will become aware of these activities. *See Y.C.*, 741 F.3d at 334. Regarding her future practice, Chen testified that she would worship at an unauthorized church in China and

4

proselytize.  However, the record reflects that tens of millions of unregistered Christians worship in China, and Chen did not establish a reasonable possibility that Chinese officials would single her out.  *See Jian Xing Huang*, 421 F.3d at 129; *see also* A.R. 230-68 (2012 Annual Report of U.S. Commission on International Religious Freedom).

To attack the agency's decision, Chen points to the State Department's 2012 International Religious Freedom Report ("IRF Report"), arguing that it reveals that China restricts proselytizing and has "in some cases . . . detained, arrested, or sentenced to prison a number of religious leaders and adherents for activities related to their religious practice." Pet'r's Br. 18-19 (quoting A.R. 435).  But that report also shows that in some parts of China "local authorities tacitly approved of the activities of unregistered [religious] groups or did not interfere with them."  A.R. 430-31 (U.S. State Department, 2012 International Religious Freedom Report).  Given the nationwide variation and lack of evidence of persecution for proselytizing in Chen's home province of Fujian, the

5

agency reasonably concluded that Chen failed to show a sufficient possibility of harm if she continued to proselytize in China. *Cf. Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149 (2d Cir. 2008) (finding no error in BIA's evidentiary framework that an applicant demonstrate that enforcement of family planning policy is carried out in his or her local area in a manner that would give rise to a well-founded fear of persecution because of local variations in the enforcement of that policy); *see also Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (per curiam) (affirming agency's finding of no pattern or practice of persecution of Catholics in Indonesia where evidence showed that religious violence was not nationwide and that Catholics in many parts of the country were free to practice their faith).

Chen contends that because the BIA assumed credibility, it should have addressed more specifically whether the Chinese government would target her for publicly proselytizing because the IJ never made a specific finding on this point. As we discussed above, however, the BIA reasonably concluded that Chen failed to present country

6

conditions evidence that her fear was objectively reasonable. Finally, because the BIA reasonably concluded that Chen did not meet her burden for asylum, it did not err in finding that she necessarily failed to meet the higher burden required for withholding of removal or CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk