Shi v. Sessions

BIA
Poczter, IJ
A205 218 971

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand eighteen.

PRESENT:
**JOSÉ A. CABRANES,**
**GERARD E. LYNCH,**
**RAYMOND J. LOHIER, JR.,**
*Circuit Judges.*

_____

**YOUSHENG SHI,**
*Petitioner*,

v.                                                      **17-884**
                                                        **NAC**

**JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,**
*Respondent.*

_____

FOR PETITIONER:          David X. Feng, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yousheng Shi, a native and citizen of the People's Republic of China, seeks review of a March 2, 2017, decision of the BIA affirming a September 14, 2016, decision of an Immigration Judge ("IJ") denying Shi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yousheng Shi,* No. A205 218 971 (B.I.A. Mar. 2, 2017), *aff'g* No. A205 218 971 (Immig. Ct. N.Y. City Sept. 14, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed only the agency's adverse credibility determination. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "[E]ven where an IJ relies on discrepancies or lacunae that, if taken

2

separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal quotation marks and citation omitted). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

We conclude that the "totality of the circumstances" supports the adverse credibility determination. *Id*. at 166-67. While the bases for the credibility determination relate to Shi's prior trips and employment in the United States, which do not directly concern the alleged persecution in China, the inconsistencies undermine the chronology of his claim of persecution, he offered only limited testimony on the substance of his claim, and he struggled to offer a coherent description of his prior trips and employment in the United States. Therefore, even though the credibility determination is based on "matters collateral or ancillary to the claim," the agency reasonably found the "cumulative effect" of these problems "consequential" under the totality of the circumstances. *Tu Lin*, 446 F.3d at 402.

Moreover, the adverse credibility determination was reasonably based on the IJ's observations of Shi's demeanor. 8 U.S.C. § 1158(b)(1)(B)(iii). "[D]emeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006), and "[w]e give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor," *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Shi does not specifically challenge the demeanor finding, and the IJ's

3

observation that Shi was often nonresponsive to questions is supported by the record. For example, when asked how many sites he worked at in Guam, Shi responded by describing the type of work he performed.

"We can be still more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Here, as the IJ observed, Shi's statements and testimony concerning his previous visits to the United States were inconsistent and often incomprehensible. In relevant part, Shi's application form listed a prior trip to the United States in 2010 and his original written statement reported that he traveled abroad sometime after July 2010. Shi's amended statement did not reference any travel abroad, and he testified that he did not know whether the trip was in 2009 or 2010 and gave differing answers concerning the length of his stay. Accordingly, as the IJ found, Shi's lack of a coherent timeline undermined his statements that he suffered persecution in 2010 and traveled abroad thereafter. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ also reasonably relied on Shi's omission of his 2009 or 2010 trip from his amended statement given his testimony linking the trip to the United States to repayment of medical expenses discussed in that statement. *Id.*; *Xiu Xia Lin*, 534 F.3d at 166-67 (upholding agency's reliance on omissions from an application and corroborating documents). Although additional inconsistencies regarding Shi's employment during his previous trips do not concern the substance of the claim, the IJ reasonably found their cumulative effect significant. *Tu Lin*, 446 F.3d at 402.

Finally, the agency reasonably found Shi's corroborating evidence insufficient to

4

rehabilitate his credibility.    *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question").    The agency did not err in declining to credit Shi's letters from his wife and his friend because they were authored by interested witnesses unavailable for cross examination.    *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give little weight to letter from applicant's spouse); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (observing that the agency can give little weight to document drafted by a witness not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).    The agency also reasonably declined to credit Shi's only other corroborating evidence—a note from his wife's doctor confirming an abortion—because it was unauthenticated, lacked details, and introduced inconsistency regarding his wife's occupation.    *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that the weight accorded to an applicant's "evidence lie[s] largely within the discretion of the IJ." (internal quotation marks omitted)).    Shi does not specifically challenge the weight accorded this evidence, nor does he challenge the IJ's finding that he failed to rehabilitate his claim with reasonably available evidence of his previous employment; payments of bribes, fines, or medical bills; or his injuries or medical expenses resulting from his alleged beating.    *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of introducing [corroborating] evidence without prompting from the IJ."); *cf.* 8 U.S.C. § 1252(b)(4) ("No court shall

5

reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

Given the foregoing demeanor, inconsistency, and corroboration findings, we conclude that the "totality of the circumstances" supports the adverse credibility determination.   *See Xiu Xia Lin*, 534 F.3d at 166-67 ("Where the IJ's adverse credibility finding is based on specific examples . . . of inconsistent statements or contradictory evidence, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." (internal quotation marks omitted)).   The adverse credibility determination is dispositive because the claims for asylum, withholding of removal, and CAT relief are all based on the same discredited factual predicate.   *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6