**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEDIVAS, LLC, a California limited liability company,<br>*Plaintiff-Appellant*,<br><br>and<br><br>KENNETH W. CARPENTER; JOSEPH D. DOWLING; T. KNOX BELL; DARI DARABBEIGI; LINDY HARTIG; SACHIO OKAMURA; WILLIAM SUMMER; PAUL TEIRSTEIN; WILLIAM G. TURNELL, individuals,<br>*Plaintiffs*,<br><br>v.<br><br>MARUBENI CORPORATION, a Japanese corporation,<br>*Defendant-Appellee*. | No. 12-55375<br><br>D.C. No.<br>3:10-cv-01001-W-RBB<br><br>OPINION |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted
November 7, 2013—Pasadena, California

Filed January 27, 2014

Before:  Alfred T. Goodwin, Raymond C. Fisher
and Richard R. Clifton, Circuit Judges.

Opinion by Judge Fisher

**SUMMARY**[*]

**Appellate Jurisdiction**

The panel dismissed for lack of jurisdiction an appeal from an order compelling arbitration where the district court neither explicitly dismissed nor explicitly stayed the action.

The panel held that such an order implicitly stays the action and thus is not "a final decision with respect to an arbitration" under the Federal Arbitration Act.  The panel also adopted a rebuttable presumption that an order compelling arbitration but not explicitly dismissing the underlying claims stays the action as to those claims pending the completion of the arbitration.

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Stephen L. Schreiner (argued), Solomon Ward Seidenwurm & Smith, LLP, San Diego, California, for Plaintiff-Appellant.

Jeffry A. Davis (argued) and Nathan R. Hamler, Mintz Levin Cohn Ferris Glovsky and Popeo, San Diego, California, for Defendant-Appellee.

**OPINION**

FISHER, Circuit Judge:

We address whether an order compelling arbitration is appealable when the district court neither explicitly dismisses nor explicitly stays the action. We hold that such an order implicitly stays the action and thus is not "a final decision with respect to an arbitration" under the Federal Arbitration Act, 9 U.S.C. § 16(a)(3). We also adopt a rebuttable presumption that an order compelling arbitration but not explicitly dismissing the underlying claims stays the action as to those claims pending the completion of the arbitration. Accordingly, we dismiss this appeal for lack of jurisdiction.

**BACKGROUND**

MediVas is a small biomedical company based in San Diego, California, that specializes in developing new methods for pharmaceutical drug delivery. Marubeni is a Japanese multinational trading corporation. Between April 2004 and October 2007, Marubeni and MediVas executed various contracts in connection with a $5 million loan from Marubeni to MediVas. One of these contracts required the parties to

submit contractual disputes to international arbitration in Tokyo, Japan, whereas another designated the courts of San Diego as the exclusive forum for such disputes. The contracts also granted Marubeni a security interest in all of MediVas' assets.

After MediVas defaulted on the loan, Marubeni foreclosed on promissory notes held by MediVas and threatened to foreclose on additional MediVas assets. In response, MediVas and several individual plaintiffs filed suit against Marubeni in San Diego Superior Court, raising numerous state law claims arising out of this series of transactions. Invoking the contractual arbitration clause, Marubeni removed the action to federal court under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, also known as the New York Convention, moved to compel arbitration and initiated arbitration against the plaintiffs. *See* 9 U.S.C. §§ 205–06. MediVas opposed arbitration, relying on the forum selection clause, and moved to remand the action to state court.

In an August 2011 order, the district court ruled that many of MediVas' claims against Marubeni were subject to the arbitration clause and ordered arbitration of those claims. Because it concluded that federal jurisdiction rested solely on the New York Convention, the court remanded the remaining claims, including all claims brought by the individual plaintiffs, to state court.[1] Neither the August 2011 order nor

---

[1] The parties did not dispute this jurisdictional conclusion and it is not at issue in this appeal. We therefore do not decide whether the district court did have supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a) or whether they were properly remanded under

any other order explicitly stayed or dismissed the arbitrable claims, and no judgment was entered in the action.

The arbitration panel ruled in favor of Marubeni on all claims save one, which the panel concluded fell outside its jurisdiction. Marubeni then filed a second action in district court to confirm the arbitration award, which action was assigned to the same district judge as the original action. In February 2012, a few days after Marubeni filed the final award in the confirmation action, MediVas filed in the original action its notice of appeal from the district court's August 2011 order. Then, also in the original action, Marubeni moved to remand the unarbitrated claim to state court. The district court stayed proceedings in both actions in light of MediVas' pending appeal, which the court believed may have divested it of jurisdiction to proceed.

## DISCUSSION

### A.

The Federal Arbitration Act permits immediate appeal of "a final decision with respect to an arbitration," 9 U.S.C. § 16(a)(3),[2] which is a decision that "ends the litigation on the

---

§ 1367(c). *See ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 393–95 (4th Cir. 2012).

[2] The full text of this section provides:

(a) An appeal may be taken from –

(1) an order –

merits and leaves nothing more for the court to do but execute

> (A) refusing a stay of any action under section 3 of this title,
>
> (B) denying a petition under section 4 of this title to order arbitration to proceed,
>
> (C) denying an application under section 206 of this title to compel arbitration,
>
> (D) confirming or denying confirmation of an award or partial award, or
>
> (E) modifying, correcting, or vacating an award;
>
> (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
>
> (3) a final decision with respect to an arbitration that is subject to this title.
>
> (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order –
>
> > (1) granting a stay of any action under section 3 of this title;
> >
> > (2) directing arbitration to proceed under section 4 of this title;
> >
> > (3) compelling arbitration under section 206 of this title; or
> >
> > (4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16.

the judgment." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)) (internal quotation marks omitted). Thus, an order compelling arbitration may be appealed if the district court dismisses all the underlying claims, but may not be appealed if the court stays the action pending arbitration. *See id.* at 87 n.2, 89; *Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1153 n.1 (9th Cir. 2004).

In *Green Tree*, the district court had ordered the parties to arbitrate their dispute and dismissed the underlying claims with prejudice. *See* 531 U.S. at 83, 86. The Supreme Court acknowledged that the parties could bring a separate proceeding to confirm, vacate or modify any award made in the arbitration, but held that the district court's order was final and appealable because it disposed of the entire action then pending before the district court. *See id.* at 86–87. Significantly, the Court noted that an appeal would not have been allowed had the district court stayed the action instead of dismissing it. *See id.* at 87 n.2 (citing 9 U.S.C. § 16(b)(1)).

In *Interactive Flight Technologies, Inc. v. Swissair Swiss Air Transport Co.*, 249 F.3d 1177 (9th Cir. 2001), we extended *Green Tree* to an order compelling arbitration and dismissing the underlying claims *without* prejudice. *See id.* at 1179. Because the district court had dismissed the action without prejudice solely to allow the parties to "bring[] a new action after completing arbitration," we held that the distinction was not sufficient "to show that the dismissal was interlocutory rather than an appealable final decision." *Id.*

Since *Interactive Flight*, we have consistently treated orders compelling arbitration but not explicitly dismissing the underlying claims as unappealable interlocutory orders. In *Dees v. Billy*, 394 F.3d 1290 (9th Cir. 2005), for example, we held that a district court order compelling arbitration, staying the proceedings and administratively closing the case was not final because the plaintiff's claim for relief was still pending before the district court. *See id.* at 1293–94. Similarly, *Sanford v. Memberworks, Inc.*, 483 F.3d 956 (9th Cir. 2007), held that an order directing arbitration, denying the defendant's motion to stay and stating that the case would be terminated if arbitration was not completed within a year was not final, again because the plaintiff's claims remained before the trial court. *See id.* at 961–62. Most importantly for this appeal, in *Bushley*, when the district court ordered several claims to arbitration, dismissed a nonarbitrable claim for failure to state a claim and did not enter judgment or rule on the defendant's motions to stay or dismiss the proceedings, we concluded that the order compelling arbitration was not final because the action was effectively stayed pending the conclusion of the arbitration. *See* 360 F.3d at 1151–53.

We have little trouble concluding that *Bushley* extends to the facts of this case. In both cases, the district court fully disposed of the nonarbitrable claims but not of the arbitrable claims, which were ordered to arbitration and neither dismissed nor stayed. The claims sent to arbitration therefore remained pending before the district court, albeit subject to an implicit stay pending the outcome of the arbitration. Because those claims were implicitly stayed rather than dismissed, the August 2011 order compelling arbitration did not constitute a "final decision with respect to an arbitration" under section 16(a)(3) of the Federal Arbitration Act. *See Green Tree*, 531 U.S. at 86–87 & n.2; *Sanford*, 483 F.3d at 962; *Dees*,

394 F.3d at 1294; *Bushley*, 360 F.3d at 1153; *Interactive Flight*, 249 F.3d at 1179.

Our conclusion that the proceedings were implicitly stayed pending arbitration is bolstered by the procedural history of this case. The district court's August 2011 order ruled on Marubeni's "motion to compel arbitration and stay litigation," which explicitly requested that the district court stay the proceedings. Because the district court granted the motion as to the claims it decided were arbitrable, the most reasonable inference is that the court intended to stay, not to dismiss, those claims. *See McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 679 (7th Cir. 2002) (holding that the district court dismissed the action without prejudice because, among other facts, "the district court granted [the defendant]'s motion which actually requested the court to compel arbitration and dismiss the case"). Indeed, in this sense the inference of an implicit stay is stronger here than in *Bushley*, where the defendant moved to stay proceedings *or* to dismiss the action.[3]

The parties' actions also support our conclusion that the August 2011 order implicitly stayed the arbitrated claims. MediVas, which asserts that it "anxiously awaited the first opportunity to appeal" the court's decision, did not file a notice of appeal until after the arbitration had finished and the award had been finalized. Moreover, in its application for leave to file a motion for reconsideration, MediVas requested as an alternative an order certifying an appeal under

_____

[3] We recognize that the August 2011 order said that "a stay is not warranted," but that statement referred only to the nonarbitrable claims. This statement therefore did not manifest any intent not to stay proceedings on those claims it ordered to arbitration.

28 U.S.C. § 1292(b), acknowledging that the court's order compelling arbitration was an interlocutory order under 9 U.S.C. § 16(b)(3). Because the district court allowed MediVas to file a motion for reconsideration, it did not explicitly address this alternative request.

For its part, Marubeni originally argued that this appeal was premature because the district court had not issued a final order in either the original action or in the confirmation action. Only after we ordered supplemental briefing to address appellate jurisdiction, including "whether the notice of appeal was timely filed," did Marubeni argue that the August 2011 order was a final decision for which the time to appeal had expired.

Finally, it would be difficult to conclude that the August 2011 order "end[ed] the litigation on the merits and le[ft] nothing more for the court to do but execute the judgment," *Green Tree*, 531 U.S. at 86, when even now, after the arbitration has ended, one of MediVas' claims for relief remains pending before the district court. Moreover, the district court will at some point have to rule on Marubeni's pending motion to remand that claim to state court. Under these circumstances, we cannot conclude that the August 2011 order "plainly disposed of the entire case on the merits and left no part of it before the court." *Id.*

**B.**

We decline MediVas' invitation to follow the approach once taken by the Second Circuit by putting this appeal on hold while the parties request a clarifying order from the district court. *See Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 363 (2d Cir. 2003) (per curiam).

The *Cap Gemini* court itself noted that although the procedure was necessitated by the ambiguity in the record, it would not again be permitted. *See id.* Because the record here is not ambiguous for the reasons explained above, we conclude that no clarifying order is necessary.

We fully endorse the Second Circuit's statement that "parties and district courts have an obligation to ensure that the finality of the district court's decision is evident from the record, so that no further reconstruction of the district court's intent need be attempted on appeal." *Id.* We again urge district courts to be as clear as possible about whether they intend to dismiss, stay or "do something else entirely" when they order arbitration. *Bushley*, 360 F.3d at 1153 n.1 (quoting *Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 93 (2d Cir. 2002)). Had MediVas requested a clarifying order from the district court *before* taking this appeal, the substantial time and effort expended on this procedural issue could have instead been spent advancing this litigation toward its ultimate resolution.

Moreover, though we decline to follow the Second Circuit and "require an official dismissal of all claims before reviewing an order to compel arbitration," *Cap Gemini*, 346 F.3d at 363, we adopt a rebuttable presumption that an order compelling arbitration but not explicitly dismissing the underlying claims stays the action as to those claims pending the completion of the arbitration. This presumption accords with our preference for staying an action pending arbitration rather than dismissing it. *See Bushley*, 360 F.3d at 1153 n.1.[4]

---

[4] We recognize that the pro-arbitration policies undergirding this preference are not served by a stay when the practical realities of arbitration and litigation suggest either that no arbitration will actually

Indeed, the wisdom of this preference is underlined here, where the arbitration panel left undecided a claim that the district court had ordered to arbitration. *Cf. Coopers & Lybrand*, 437 U.S. at 468 (noting that the purpose of the final judgment rule "is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results" (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949))). Accordingly, the finality of an order compelling arbitration is determined by the context in which it was issued, but our review of that context is weighted against finality.

## C.

Finally, we reject the argument that the issuance of the arbitral award somehow "'finalized' the district court order," making this appeal both proper and timely. *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1075 (9th Cir. 1994). Had the August 2011 order been final, it was "immediately appealable," *Dees*, 394 F.3d at 1292, and this appeal would not have been timely. *See Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1283–84 (9th Cir. 2009). Because the order was not final, it did not become final through events external to the district court proceedings without any further action taken by the court itself. This court reviews the judgments and orders of the district courts, not the awards of arbitration panels. *See* 9 U.S.C. § 16.

---

take place or that the arbitration will be so different in character as to make staying the original action useless. *See, e.g.*, *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304 (2013); *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). Under such circumstances, a dismissal allowing immediate appeal might be appropriate.

**CONCLUSION**

The circumstances surrounding the district court's August 2011 order show that the arbitrated claims were implicitly stayed pending the conclusion of the arbitration. To simplify the analysis in circumstances that are less clear, we adopt a rebuttable presumption that an order compelling arbitration but not explicitly dismissing the underlying claims stays the action as to those claims pending the completion of the arbitration. Because the district court's August 2011 order was not "a final decision with respect to an arbitration," 9 U.S.C. § 16(a)(3), we are without jurisdiction to review it.

**DISMISSED.**