Lama v. Sessions
BIA
Poczter, IJ
A206 567 088

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand eighteen.

PRESENT:
        JOHN M. WALKER, JR.,
        DENNIS JACOBS,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

BIR BAHADUR LAMA,
        *Petitioner,*

        v.                                      16-2816
                                                NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Stuart Altman, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Erica B. Miles,
                         Senior Litigation Counsel; Enitan
                         O. Otunla, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bir Bahadur Lama, a native and citizen of Nepal, seeks review of a July 29, 2016, decision of the BIA affirming a June 15, 2015, decision of an Immigration Judge ("IJ") denying Lama's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bir Bahadur Lama*, No. A206 567 088 (B.I.A. July 29, 2016), *aff'g* No. A206 567 088 (Immig. Ct. N.Y. City June 15, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., excluding the IJ's internal relocation finding and reliance on Lama's asylum interview. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and emphasis omitted). "We defer . . . to an IJ's credibility determination unless . . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. For the reasons that follow, we conclude that substantial evidence supports the agency's finding that Lama was not credible.

The agency reasonably based the credibility determination on Lama's internally inconsistent testimony

and inconsistency between his testimony and evidence about when his father registered his wife's death, particularly as his wife's death was central to his claim that he was targeted by Maoists. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency . . . in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible."). Lama initially testified that his father reported his wife's death when she died, but later testified that his father did not. Lama's explanation—that his father initially just informed the village development committee about the death—did not explain his inconsistent testimony or clarify when the death was reported. In addition, although Lama testified that his father obtained his wife's death certificate, the certificate itself reflects that Lama provided the information on which it was based. Lama's explanation that his name appeared on the death certificate only because he was the husband was not compelling and also conflicted with the certificate.

The agency also reasonably relied on an omission from Lama's application, direct testimony, and father's letter

4

that Maoists threatened him through his father not to report his wife's death. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes.). The agency was not required to credit Lama's explanations—that he omitted the threat because it was made to his father and that his father did not know to mention it in his letter—because Lama included other indirect threats in his application and his father's letter mentioned relaying other threats. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief, he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony (internal quotation marks omitted)).

Finally, the credibility determination is bolstered by the IJ's observations of Lama's demeanor and the absence of sufficient corroborating evidence to rehabilitate his testimony. *See Chen v. U.S. Dep't of Justice*, 426 F.3d 104 (2d Cir. 2005) ("We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor . . .

."); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility . . . ."). The IJ's observation that Lama was nonresponsive and unwilling to answer when confronted with inconsistencies on cross-examination is reflected in the record, as evidenced by the number of questions the government attorney had to ask to learn how and when Lama obtained the death certificate. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

While Lama faults the IJ for ignoring corroborating evidence, including his father's letter and wife's death certificate, the record reflects the opposite. The IJ explicitly considered the death certificate and Lama's father's letter but, as noted above, discrepancies between this evidence and Lama's testimony created, rather than resolved, credibility issues. And while the IJ did not explicitly mention Lama's medical records and letters from the Nepali Congress Party and Maoists, the IJ stated that

6

she had considered all of the documents. *Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)). Given other credibility problems, the agency reasonably concluded that these documents did not rehabilitate his testimony. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Given the foregoing inconsistency, omission, demeanor, and corroboration findings, we conclude that the adverse credibility determination is supported by the "totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167. Contrary to Lama's position, the credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court