Wang v. Barr

BIA
Cohen, IJ
A200 630 233

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand twenty.

PRESENT:
　　　　JOHN M. WALKER, JR.,
　　　　BARRINGTON D. PARKER,
　　　　RAYMOND J. LOHIER, JR.,
　　　　　　*Circuit Judges.*
_____

YONGMEI WANG,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　17-1544
　　　　　　　　　　　　　　　　　　NAC
WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　Marta Bachynska, Law Offices of Yevgeny Samokhleb, P.C., New York, NY.

FOR RESPONDENT:　　　　Ethan P. Davis, Acting Assistant Attorney General; Carl McIntyre, Assistant Director; Robert D. Tennyson, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yongmei Wang, a native and citizen of the People's Republic of China, seeks review of an April 27, 2017 decision of the BIA affirming a September 13, 2016 decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yongmei Wang,* No. A 200 630 233 (B.I.A. Apr. 27, 2017), *aff'g* No. A 200 630 233 (Immig. Ct. N.Y. City Sept. 13, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as the agency's final order. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76–77 (2d Cir. 2018).

In making a credibility determination, the agency must

2

"[c]onsider[] the totality of the circumstances" and may base an adverse credibility finding based on the applicant's "demeanor, candor, or responsiveness[,] . . . the inherent plausibility of the applicant's . . . account," inconsistencies in the applicant's or witness's statements or between those statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Although not free of error, the agency's adverse credibility determination is supported by substantial evidence.

As an initial matter, the IJ erroneously categorized Wang's testimony as inconsistent because his application and his wife's letter omitted any reference to the minor medical treatment he received after his detention. *See Hong Fei Gao*, 891 F.3d 79-81. Notwithstanding this error, the IJ reasonably relied on several inconsistencies relating to

3

Wang's registration of his first son, his wife's medical treatment, and how he received evidence from China. Together, these inconsistencies support the credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. First, Wang's explanation that he forgot the registration date did not resolve the inconsistency relating to the registration of his son because he initially testified as to a specific month and year and said it was a month after his son's birth. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)). Second, Wang's explanation that the terms "doctor" and "hospital" are used interchangeably was not compelling because his testimony about the private doctor provided a different factual account than his application, in which he asserted that his wife went to a "hospital" and underwent a procedure. *See id.; cf*. *Gurung v. Barr*, 929 F.3d 56, 61-62 (2d Cir. 2019). Finally, the IJ was not compelled to accept Wang's alleged faulty memory to explain discrepancies in his account of his receipt of medical evidence from China. *See*

4

*Majidi*, 430 F.3d at 80–81.

Given these issues with Wang's testimony, the IJ did not err in concluding that Wang's failure to provide reliable corroboration further undermined his credibility and prevented him from meeting his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (IJ may require corroboration even for credible testimony); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ."). As the IJ noted, Wang did not produce documentation of his own medical treatment or his arrest and detention, and he conceded that he did not attempt to obtain documentation of his arrest. The IJ reasonably found this testimony implausible given Wang's testimony that he was able to return to work after his 10-day absence without issue. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe v. Gonzales*, 480 F.3d 160, 168–

5

69 (2d Cir. 2007) ("The speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts . . . viewed in the light of common sense and ordinary experience.").

Moreover, the IJ did not err in declining to give weight to Wang's documentary evidence. A letter from Wang's wife recounting his arrest was from an interested witness not subject to cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013)(deferring to agency's determination that letter from spouse in China was entitled to "'very little evidentiary weight,' both because it was unsworn and because it was submitted by an interested witness"). The IJ reasonably accorded little weight to an X-ray purportedly confirming his wife's sterilization and the accompanying medical reports because the X-ray did not include Wang's wife's name and Wang's testimony about his receipt of the X-ray and an accompanying report was inconsistent and vague. *Id*. Finally, the IJ did not err in determining that the sterilization certificate for Wang's wife was unreliable because Wang provided the immigration court with a copy containing notations not on the original. *See Y.C.*, 741 F.3d at 334 ("We defer to the agency's determination of the weight

6

afforded to an alien's documentary evidence.").

In sum, the inconsistencies and the lack of reliable corroboration support the adverse credibility determination under the "totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii). The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court