20-3168
Timalsina v. Garland

BIA
Lurye, IJ
A208 927 879

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-two.

PRESENT:
JON O. NEWMAN,
MICHAEL H. PARK,
EUNICE C. LEE,
*Circuit Judges.*

_____

NAGENDRA PRASAD TIMALSINA,
*Petitioner,*

v.                                                      20-3168
                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONER:** Khagendra Gharti-Chhetry, New York, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Justin R. Markel, Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nagendra Prasad Timalsina, a native and citizen of Nepal, seeks review of an August 26, 2020 decision of the BIA affirming an August 16, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nagendra Prasad Timalsina*, No. A208-927-879 (B.I.A. Aug. 26, 2020), *aff'g* No. A208-927-879 (Immigr. Ct. N.Y.C. Aug. 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

The BIA afirmed without an opinion, so we review the IJ's decision directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.

2

2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under "substantial evidence" standard).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on" the "consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record" without "regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v.*

3

*Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Timalsina alleged that members of Nepal's Communist Party ("Maoists") attacked and threatened him because of his membership and involvement in the Nepali Congress Party ("NCP"). Substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on inconsistencies among Timalsina's testimony, interview statements, and documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

As an initial matter, the agency did not err in concluding that the interview record was reliable. The interview was memorialized in a typed document that appears to list verbatim 127 questions and Timalsina's responses, and it was conducted through an interpreter in Timalsina's native language. Moreover, the interviewer asked follow-up questions to elicit the details of an asylum claim, and Timalsina stated that he understood all the questions he was asked. He had opportunities to clarify his responses, and there was no indication that he was reluctant to provide information given his responsive and detailed answers. *See*

4

*Ming Zhang v. Holder*, 585 F.3d 715, 724 (2d Cir. 2009) ("Where the record of a credible fear interview displays the hallmarks of reliability, it appropriately can be considered in assessing an alien's credibility.").

The inconsistencies identified by the agency support the adverse credibility determination. Timalsina was inconsistent regarding an alleged attack. He testified that it occurred on the evening of November 10, 2013, that he went to the hospital before going home and was treated that night, and that he went to the police once to report the attack. But the interview record and documentary evidence—specifically, medical records and a letter from his wife—separately indicate that the attack was in 2017 instead of 2013; that the medical treatment was in the morning and not at night; that Timalsina went home before going to the hospital, rather than the other way around; and that he went to the police not once, but twice. The record reflects further inconsistency between his testimony and interview statements about whether the police said they would act on his complaint.

The IJ was not required to credit Timalsina's explanations that he did not understand the questions and that he was confused during the interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (cleaned up)).

The agency also reasonably concluded that Timalsina failed to rehabilitate his testimony with corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency was thus not required to credit supporting letters and medical records. The letters were from interested parties or parties that were unavailable for cross-examination, and, as noted above, the letter from Timalsina's wife and his medical records were inconsistent with his version of events. *See Y.C. v. Holder*, 741 F.3d

6

324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020).

Given the multiple inconsistencies and lack of reliable corroboration, substantial evidence supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The agency's adverse credibility determination is dispositive because Timalsina's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7