**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IN RE JACOB SAIGE; REGINALD
MCOWENS.

_____

JACOB SAIGE; REGINALD MCOWENS,

Petitioners,

v.

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF
CALIFORNIA,

Respondent,

CAPSTONE LOGISTICS, LLC.,

Real Party in Interest.

No. 24-4072

D.C. No. 5:24-cv-00195-RGK-SHK

MEMORANDUM[*]

Petition for Writ of Mandamus

Argued and Submitted November 6, 2024
Pasadena, California

Before: W. FLETCHER and CALLAHAN, Circuit Judges, and MÁRQUEZ, District Judge.[**]

Jacob Saige and Reginald McOwens petition for a writ of mandamus vacating the district court's order granting Defendant and Real Party in Interest Capstone Logistics, LLC's ("Capstone") motion to compel arbitration and dismiss complaint. We have jurisdiction under 28 U.S.C. § 1651 and grant mandamus relief.

To determine whether to grant a writ of mandamus, we weigh the factors articulated in *Bauman v. U.S. District Court*, 557 F.2d 650, 654–55 (9th Cir. 1977). The five factors include:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires.
> (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. . . .
> (3) The district court's order is clearly erroneous as a matter of law.
> (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.
> (5) The district court's order raises new and important problems, or issues of law of first impression.

*Id.* (citations omitted). The petitioner must establish the third factor—clear error by the district court—to receive a writ. *In re Mersho*, 6 F.4th 891, 898 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

2

2021). But the remaining factors "need not be satisfied at once." *Valenzuela-Gonzalez v. U.S. Dist. Ct. for Dist. of Ariz.*, 915 F.2d 1276, 1279 (9th Cir. 1990).

The district court committed clear error when it found that Petitioners did not present sufficient evidence, at this stage of the case, to establish the transportation worker exemption of the Federal Arbitration Act ("FAA"). The FAA does not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. To determine whether the transportation worker exemption applies, we apply a two-step analysis. *Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 455 (2022). First, we "defin[e] the relevant 'class of workers' to which [the plaintiff] belongs." *Id.* (quoting 9 U.S.C. § 1). Second, we decide "whether that class of workers is 'engaged in foreign or interstate commerce.'" *Id.* (quoting 9 U.S.C. § 1). "[T]he party opposing arbitration . . . bear[s] the burden of establishing that the exemption applies." *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1194 (9th Cir. 2024).

Based on the evidence presented to the district court, Petitioners qualify for the transportation worker exemption. Petitioners both provided sworn declarations that established their eligibility. Both declared that they worked in warehouses for Capstone, a company that holds itself out to offer "End-To-End Supply Chain

3

Management Solutions." Their responsibilities included locating goods in the warehouse, collecting those goods onto pallets, and preparing those pallets for further transportation. They also both declared that they processed goods with out-of-state origins or destinations. In *Ortiz v. Randstad Inhouse Services, LLC*, we found that a warehouse worker with a nearly identical job description qualified for the transportation worker exemption because he worked "near the very heart of [the] supply chain." 95 F.4th 1152, 1161–62 (9th Cir. 2024). Thus, Petitioners fall within the same class of workers as in *Ortiz*, and this class of workers is engaged in interstate commerce.

The district court discounted Petitioners' sworn declarations on the sole ground that they were "self-serving." The district court's refusal to credit Petitioners' declarations was a clear error. In *Nigro v. Sears, Roebuck & Co.*, we instructed that a "district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." 784 F.3d 495, 497 (9th Cir. 2015). As it is improper at summary judgment to disregard a document solely because it is "self-serving," it was even more improper to do so here, before any discovery had taken place. Capstone had the opportunity to respond to the declarations, but it offered no conflicting evidence. Assuming the truth of Petitioners' declarations, the FAA does not apply. That is, based on the

4

evidence before the district court, Petitioners established eligibility for the transportation worker exemption.

Petitioners also satisfy the first and second *Bauman* factors. First, Petitioners have no other adequate means to attain their desired relief because appeal is not available with the case in its current posture. *In re Henson*, 869 F.3d 1052, 1058 (9th Cir. 2017) (per curiam) ("Because 'contemporaneous ordinary appeal' is unavailable, the first *Bauman* factor supports issuance of the writ."). The FAA does not authorize interlocutory appeals for orders compelling arbitration, 9 U.S.C. § 16(b), and the order is not final because the district court did not dismiss all the underlying claims when it compelled arbitration, *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 7 (9th Cir. 2014). Second, Petitioners will likely be damaged or prejudiced in a way not correctable on appeal when appeal becomes available. If forced to arbitrate, Petitioners will have no adequate means of ensuring that they can continue as class representatives. *See Douglas v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 495 F.3d 1062, 1068–69 (9th Cir. 2007) (per curiam); *In re Henson*, 869 F.3d at 1058.

Because the first three *Bauman* factors support mandamus relief, we conclude that the balance of factors favors issuance of the writ. The district court's order granting Capstone's motion to compel arbitration and dismiss complaint is

5

vacated.  We remand to the district court for further proceedings consistent with this memorandum.

**PETITION GRANTED AND REMANDED.**