23-6103
Singh v. Bondi

BIA
Poczter, IJ
A208 617 695

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-five.

PRESENT:
        **PIERRE N. LEVAL,**
        **GERARD E. LYNCH,**
        **STEVEN J. MENASHI,**
                *Circuit Judges.*
_____

**GURMINDER SINGH,**
                *Petitioner,*

        **v.**                                                    **23-6103**
                                                                  **NAC**

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
                *Respondent.*
_____

**FOR PETITIONER:**            Jatinder S. Grewal, Esq., Pannun the Firm, P.C., East Elmhurst, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Dawn S. Conrad, Senior Litigation Counsel; C. Frederick Sheffield, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurminder Singh, a native and citizen of India, seeks review of a January 5, 2023, decision of the BIA affirming a July 17, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. *In re Gurminder Singh,* No. A208 617 695 (B.I.A. Jan. 5, 2023), *aff'g* No. A 208 617 695 (Immig. Ct. N.Y. City July 17, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

When "the BIA adopts and affirms the IJ's decision, we review the two decisions in tandem." *Debique v. Garland*, 58 F.4th 676, 680 (2d Cir. 2023) (quoting *Ojo v. Garland*, 25 F.4th 152, 159 (2d Cir. 2022)). We review questions of law de novo and we review factual findings, including adverse credibility determinations "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67,

2

76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id*. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of the Badal Party threatened and assaulted him because he supported the

3

Shiromani Akali Dal Amritsar Party.

The agency reasonably relied on inconsistencies between Singh's statements at his credible fear interview and hearing as to how he knew his attackers were members of a rival political party. While Singh argues that this inconsistency is trivial, "IJs may rely on non-material omissions and inconsistencies." *Hong Fei Gao*, 891 F.3d at 77. And here the inconsistency went to how he knew the attack was politically motivated, so it was not immaterial to his claim. *Cf. id.* (qualifying that "not all omissions and inconsistencies will deserve the same weight" and that "[a] trivial inconsistency or omission that has no tendency to suggest a petitioner fabricated his or her claim will not support an adverse credibility determination"); *see also Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 196 (2d Cir. 2021) ("To show that persecution . . . is on account of political opinion, . . . an asylum applicant must demonstrate that a persecutor's motive to persecute arises from the asylum applicant's *political belief*." (brackets and quotation marks omitted)).

The agency was not required to credit Singh's explanation that he was nervous and confused. "[T]he REAL ID Act establishes a presumption that interviews of this nature are proper to consider in an adverse credibility determination," so "[t]he agency is not required to undertake an inquiry into the

reliability of initial interviews . . . using specifically enumerated factors." *Singh v. Bondi*, No. 22-6077, 2025 WL 1560261, at \*7–10 (2d Cir. June 3, 2025) (internal quotation marks omitted). "Rather, the petitioner must show that, considering the record as a whole, the adverse credibility determination was unsupported by substantial evidence." *Id.* at \*10; *see also Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Singh cannot make that showing. Indeed, the hearing transcript and interview record reflect that he understood the questions and the purpose of the proceedings. *Cf. Ming Zhang v. Holder*, 585 F.3d 715, 722 (2d Cir. 2009) (rejecting a "[p]etitioner's subsequent assertions that she was 'nervous' and 'afraid' during [an] interview" as grounds for excusing inconsistencies or challenging the reliability of the interview record).

The agency also reasonably relied on inconsistencies between Singh's testimony and interview regarding whether shopkeepers helped him after a second attack or whether he made his way to the hospital alone. Singh explained that he was nervous and "had no idea what [he] was saying" during the credible

5

fear interview. But his "mere recitation that he was nervous . . . will not automatically prevent the IJ and BIA from relying on [such] statements . . . when making adverse credibility determinations." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 397 n.6 (2d Cir. 2005). And nerves do not explain why Singh would add characters – nearby shopkeepers – to his story, or account for the inconsistency about whether any other people were present during the attack.

The agency also reasonably concluded that Singh's testimony that he was hospitalized for one week after the second attack was inconsistent with a letter from his doctor, which was dated the day of the attack, which appeared to summarize all treatment, and which recommended two weeks of bed rest and follow up, but did not mention hospitalization. Singh had no explanation why the doctor would tell him to rest for two weeks if he was staying in the hospital for a week, or why the doctor would write a letter regarding follow-up care, addressed "to whom to ever it may concern," on the day Singh was admitted as opposed to the day he allegedly left the hospital. As Singh's testimony was already in question, this failure to corroborate the alleged hospitalization is further support for the adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his testimony

may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Moreover, the agency reasonably gave little weight to letters from Singh's family. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an "IJ acted within her discretion in according . . . little weight [to letters from China] because the declarants (particularly [petitioner]'s wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Singh does not challenge the agency's remaining finding that his lack of political knowledge further undermined his credibility. *See Debique*, 58 F.4th at 684 ("We consider abandoned any claims not adequately raised in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

In sum, substantial evidence supports the adverse credibility determination given the multiple inconsistencies, Singh's lack of basic political knowledge (such as how to vote or what party was in power), and the absence of reliable corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8

7

("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because all three forms of relief are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court