23-6468
Trejo Gomez v. Bondi

BIA
Thompson, IJ
A208 981 746

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand twenty-five.

PRESENT:
GUIDO CALABRESI,
REENA RAGGI,
JOSEPH F. BIANCO,
            *Circuit Judges.*
_____

FANI YAMILETH TREJO GOMEZ,
            *Petitioner,*

            v.                                                    23-6468
                                                                 NAC
PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

**FOR PETITIONER:**        Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:**        Brian M. Boynton, Principal Deputy Assistant
Attorney General; M. Jocelyn Lopez Wright,
Senior Litigation Counsel; Jennifer P.
Williams, Trial Attorney, Office of
Immigration Litigation, United States
Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fani Yamileth Trejo Gomez, a native and citizen of El Salvador, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") order, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fani Yamileth Trejo Gomez*, No. A208 981 746 (B.I.A. Apr. 27, 2023), *aff'g* No. A208 981 746 (Immigr. Ct. N.Y. City July 29, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Trejo Gomez alleged that members of a death squad held her at gunpoint on account of her membership in a particular social group of imputed police complainants or witnesses. Substantial evidence supports the agency's determination that she was not credible.

3

The IJ reasonably relied on inconsistencies between Trejo Gomez's written I-589 form and later testimony regarding whether police interrupted the death squad's attempt to assassinate her, whether she reported the assassination attempt to police, and why the death squad was motivated to assassinate her in finding Trejo Gomez's claim of past persecution not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Trejo Gomez does not dispute the inconsistencies, rather attributing them to her nervousness and limited education. But the agency was not compelled to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)).

Having questioned Trejo Gomez's credibility, the IJ reasonably relied further on her failure to rehabilitate her testimony with reliable corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility,

4

because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ noted, Trejo Gomez's father's affidavit was not reliable because it was inconsistent with her testimony regarding who interrupted the assassination attempt. The IJ also did not err in giving limited weight to her father's and aunt's affidavits because they were interested witnesses who were not subject to cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also Likai Gao*, 968 F.3d at 149 (holding that the "IJ acted within her discretion in according [petitioner's offered letters] little weight because the declarants (particularly [petitioner's] wife) were interested parties and neither was available for cross-examination"). And as the IJ noted, although Gomez stated that the murders of her friend and the friend's nephews were in the newspaper, she did not explain why she could not obtain those articles.

Taken together, the inconsistencies and the lack of corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Biao Yang*, 496 F.3d at 273. The

5

adverse credibility determination is dispositive because all three forms of relief are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief."). Accordingly, because the adverse credibility determination is dispositive, we do not reach the agency's alternative burden findings, Trejo Gomez's argument that the BIA should have remanded for further consideration of her social group claim in light of *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021), or the Government's arguments that such challenges are abandoned or unexhausted.[1] *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

---

[1] We note that Trejo-Gomez's brief does not comply with Federal Rule of Appellate Procedure 28. Counsel is cautioned that future briefing deficiencies may result in dismissal without consideration of the merits and in disciplinary proceedings. Counsel is further cautioned that a brief in this Court must do more than simply repeat the arguments raised before the BIA and the "future filing of such an inadequate submission will be grounds not only for rejection of the brief but for formal reprimand or other sanction." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). In addition to the omission of adequate citations, the brief relies on material not in the record, and the arguments are vague.

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court