Singh v. Barr

BIA
Christensen, IJ
A205 429 327

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty.

PRESENT:
    JOSÉ A. CABRANES,
    DENNY CHIN,
    JOSEPH F. BIANCO,
        *Circuit Judges.*

_____

DALJIT SINGH,
        *Petitioner,*

    v.                                          18-325
                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Daljit Singh, pro se, S. Richmond Hill, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel, Jacob A. Bashyrov, Trial Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Daljit Singh, a native and citizen of India, seeks review of a January 23, 2018, decision of the BIA affirming a May 29, 2015, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Daljit Singh,* No. A205 429 327 (B.I.A. Jan 23, 2018), *aff'g* No. A205 429 327 (Immig. Ct. N.Y. City May 29, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We dismiss the petition as to asylum. An alien is ineligible for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed

within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see id.* § 1158(a)(3). The agency's determination that Singh was not credible as to his date of entry into the United States is based on fact-finding and not subject to review. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 333 (2d Cir. 2006) (adverse credibility determinations are factual findings).

We deny the petition as to withholding of removal and CAT relief because the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under substantial evidence standard). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each

3

statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Singh alleged that he was attacked in 1990 and 2009 and arrested in 2010 on account of his support for the Akali Dal Mann Party ("Mann Party"). We find substantial evidence for the adverse credibility determination given Singh's lack of knowledge about his party, inconsistencies between his testimony and documentary evidence regarding the first attack, inconsistencies within his documentary evidence, and a lack of corroboration.

The IJ reasonably relied on Singh's lack of familiarity and inability to provide basic information about the Mann Party, particularly as some of the information he was unfamiliar with at the hearing was included in his

4

application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (allowing fact-finder to rely on "demeanor, candor, or responsiveness"); *Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (explaining, in context of religious persecution claim, that lack of doctrinal knowledge may render a claim suspect where the record indicates that the applicant should have such knowledge).

The agency also reasonably relied on inconsistencies between Singh's testimony and documentary evidence about his 1990 attack. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh testified that he was 23 or 24 at the time of that attack, but he submitted identity documents showing he would have been only 13 years old at that time. Moreover, Singh testified that he did not know his assailants but his application reported that his uncles, who belonged to a rival political party, were responsible. The IJ was not required to credit Singh's explanation that he had not seen his uncles, as he mentioned them in his application. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2015) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief, he must demonstrate

5

that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied on inconsistences in Singh's documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); s*ee Xiu Xia Lin*, 534 F.3d at 167 (allowing fact-finder to rely on even "collateral or ancillary" inconsistencies so long as the "totality of the circumstances supports the adverse credibility determination). Singh's identity documents used differing spellings of his name, and his age on his election card conflicted with his birthdate on his birth certificate and driver's license.

The agency also reasonably concluded that Singh failed to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency properly afforded diminished weight to his documentary evidence because it contained inconsistencies (identity documents), did not corroborate specific incidents

6

of past harm and the author was unavailable for cross-examination (Mann Party letter), and were not contemporaneous (Mann Party membership card). *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). Singh also failed to provide reasonably available corroborating evidence: he testified that he had medical evidence of treatment after the 1990 attack, but he did not produce it; and he did not provide letters from any family members, including form his father with whom he was allegedly attacked in 2009 and who helped him gather documentation for his application. *See* 8 U.S.C. § 1252(b)(4) (stating that a court may not reverse a finding that evidence is available unless a fact-finder would be compelled to find it unavailable); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of

7

introducing [corroborating] evidence without prompting from the IJ."). Moreover, none of Singh's documents corroborated the alleged attacks or arrest that formed the basis for his claim.

Although we decline to rely on Singh's omission from his application of his assertion that he reported his attacks to the police, *see Hong Fei Gao*, 891 F.3d at 78, 82, the inconsistencies and corroboration issues discussed above provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (noting that remand to the agency is futile "*whenever* the reviewing panel is confident that the agency would reach the same result upon a reconsideration cleansed of errors"). The adverse credibility determination is dispositive of withholding of removal and CAT relief because both forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part as to asylum and DENIED in remaining part

as to withholding of removal and CAT relief.  All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court